***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award of the Deputy Commissioner. The Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with some modifications and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. That all parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and plaintiff at all relevant times herein.
3. The Hartford Insurance Co., Inc. provided defendant-employer with workers' compensation coverage at all relevant times herein.
4. On April 16, 1993, plaintiff suffered a compensable injury by accident to the low back while in the course and scope of her employment with defendant-employer.
5. Stipulated medical records in prior hearings on this claim include over 3,000
pages of records generated by multiple providers.
6. At the hearing before the Deputy Commissioner, the parties stipulated the following into the evidence of record:
a. Stipulated Exhibit #1 — plaintiff's medical records
b. Stipulated Exhibit #2 — medical rehabilitation reports generated by Bettylou DeMarco, R.N.
c. Stipulated Exhibit #3 — medical rehabilitation reports generated by Linda Koch, R.N.
d. All prior decisions by the Industrial Commission in this matter
8. The depositions and records of Dr. Jeffery George Mokris and Linda Y. Koch are a part of the evidence of record.
9. The issues to be determined by the Commission are whether plaintiff's current hip symptoms are related to her compensable injury by accident, and, if so, to what, if any, additional benefits is plaintiff entitled to receive.
 ***********
Based upon all of the competent evidence presented, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the first hearing before the Deputy Commissioner, plaintiff was 54 years old.
2. In an Opinion and Award filed October 4, 1999, the Full Commission found and concluded that plaintiff's compensable back injury was a cause of or substantial contributing factor to plaintiff's excessive falling.
3. When plaintiff falls, she feels her right leg "go out" from under her without warning. As a result, her falls are most often onto her right side.
4. Prior to 2002, the only mention of any hip problem in the medical records was when Dr. James Yates, an orthopedist in Conway, South Carolina, examined plaintiff on October 22, 1998, as a result of a finding by her physical therapist that plaintiff lacked internal rotation of the right hip. Dr. Yates confirmed this rotation problem, but did not indicate that any treatment was necessary. There was no indication from the note on October 22, 1998 that plaintiff had any pain due to that lack of motion.
5. On or about August 1, 2002, plaintiff fell down the stairs of her home onto her right hip. She had fallen down those stairs many times previously as a result of her leg giving out without warning and suffered injuries including bruises, broken teeth and loss of consciousness. On August 1, 2002, along with other symptoms, plaintiff felt immediate pain in her right hip.
6. On or about August 9, 2002, plaintiff again fell down the stairs at her home, again injuring her right hip. It was after this fall that plaintiff realized that she was unable to use her exercise bicycle, which she had been using up to that point, because her right hip constrained her leg from making the circular motion needed to pedal the bicycle. She also found herself unable to use her treadmill due to hip pain.
7. On August 15, 2002, physical therapist Stella Papp of The Rehab Center in Charlotte was performing an evaluation of plaintiff prior to initiating a pool therapy program, when she noted that plaintiff had severe pain upon internal rotation of the right hip.
8. As a result of that evaluation Dr. Kern Carlton, plaintiff's treating physician, first ordered an x-ray and then later ordered an MRI of the right hip. He indicated that the diagnostic tests showed arthritic changes of the hip and possibly a fracture. Dr. Carlton's medical record dated October 7, 2002 indicated his opinion that, if there were impaction injury to the femoral head due to trauma, that would be clearly related to her compensable back injury and resultant propensity for falls. If there was found to be no impaction injury, he stated that he would defer a causation opinion to an orthopedist.
9. Dr. Carlton referred plaintiff to an orthopedist and Linda Koch, the rehabilitation nurse on the claim, was able to obtain an appointment with Dr. Jeffrey Mokris of Miller Orthopaedic Clinic, a specialist in hip replacement surgery.
10. On October 30, 2002, two days prior to plaintiff's scheduled appointment with Dr. Mokris, plaintiff stepped out of her car in her garage. She was headed to the trunk to unload groceries when she fell, landing on her right hip and suffering a concussion when she struck her head on the cement floor of the garage. Plaintiff was taken to the emergency room at Carolinas Medical Center South in Pineville by a neighbor and treated for the complaints of concussion, lumbar pain and pain in the right hip. The radiologist interpreted the x-ray to show the existence of severe osteoarthritis of the right hip and a questionable fracture of the greater trochanter. After the fall in the garage, plaintiff's pain increased to the point that she began sleeping in a recliner instead of a bed.
11. Dr. Mokris evaluated plaintiff on November 1, 2002 and indicated that she had significantly decreased range of motion of the right hip, not just internal rotation, but in all planes. He did not see a fracture on the CT scan and felt plaintiff clearly had degenerative joint disease of the right hip prior to these falls and had symptoms of classic hip arthritis. Dr. Mokris stated that plaintiff's foot drop on the right side from her 1993 injury caused her to fall because of the weakness in that leg.
12. Dr. Mokris felt that plaintiff's falls aggravated her symptoms of degenerative hip disease. The degree of pain and decreased range of motion caused by the falls accelerated plaintiff's potential need for hip replacement. A consideration for hip replacement is whether the individual is symptomatic or not, and in order to alleviate plaintiff's discomfort, Dr. Mokris believed the hip replacement was necessary.
13. Prior to the hearing before the Deputy Commissioner, defendants requested that an investigator for the carrier-defendant be allowed to examine plaintiff's garage. However, defendants were unable to state what evidence they believed could have been discovered by an investigator in February 2003 regarding a fall that occurred in October 2002. When she fell in October 2002 plaintiff was already complaining of right hip pain and her appointment with Dr. Mokris had already been scheduled.
14. Rehabilitation nurse Linda Koch testified by deposition that, upon her examination of plaintiff's garage before and after the fall of October 2002, the garage was crowded with boxes, but there were no boxes or uneven cement flooring to impede plaintiff's path from exiting her car and going to her trunk. Therefore, the greater weight of the evidence shows that plaintiff's falls were causally related to her compensable injury by accident.
15. Prior to the hearing before Deputy Commissioner Glenn, defendants moved the Commission to compel plaintiff to submit to an evaluation by Dr. Gerald Aronoff, an expert in pain medicine and psychiatry. The issues in the case at bar turn on the relationship of compensable falls to plaintiff's need for right hip treatment. Therefore, the Deputy Commissioner ruled that an orthopedic surgeon was the relevant medical expert to give an opinion on these issues and that defendants should obtain a second opinion from an orthopedic physician with expertise in hip replacement surgery. Upon review of Dr. Aronoff's credentials, the Full Commission finds that Dr. Aronoff is not an orthopedic specialist and therefore not a qualified physician to make a determination concerning the hip treatment issues, pursuant to N.C. Gen. Stat. § 97-27.
16. The Full Commission finds based upon the greater weight of the competent medical evidence that plaintiff's need for a hip replacement is causally related to her compensable injury.
17. The Full Commission finds that pursuant to N.C. Gen. Stat. § 97-25
defendants have the right to direct the medical treatment, and plaintiff must cooperate with defendants' direction of her medical treatment.
18. Defendants did not defend this claim without just cause.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendants on April 16, 1993. N.C. Gen. Stat. § 97-29.
2. This case was accepted as compensable by defendants on a Form 21 Agreement for Payment of Compensation. Pursuant to the prior Full Commission Opinion and Award filed October 4, 1999, plaintiff's compensable injury by accident to her back caused or substantially contributed to her excessive falls. Therefore, it was defendants' burden to prove that any falls sustained by plaintiff were not causally related to the compensable injury by accident.
3. Our courts have long approved causal connections between an initial injury and its direct and natural consequences and have held that injured workers are entitled to be compensated for all disability caused by and resulting from a compensable injury. Horne v. Universal Leaf TobaccoProcessors, 119 N.C. App. 682, 459 S.E.2d 797, disc. rev. denied,342 N.C. 192, 403 S.E.2d 237 (1995); Heatherly v. Montgomery Components,Inc., 71 N.C. App. 377, 323 S.E.2d 29 (1984), disc. rev. denied,313 N.C. 329, 327 S.E.2d 890 (1985).
4. In the case at bar defendants failed to produce sufficient evidence that plaintiff's falls were not directly related to the compensable injury. Plaintiff has shown that the falls and related problems were the direct and natural consequence of the compensable injury by accident.Heatherly v. Montgomery Components, Inc., supra.
5. As a result of the compensable injury by accident, plaintiff sustained falls that resulted in a material aggravation of the pain and loss of function related to her preexisting right hip arthritis and accelerated any potential need for hip replacement surgery such that treatment for that condition, including hip replacement, is compensable and shall be provided by defendants. N.C. Gen. Stat. §§ 97-2(19), 97-25.
6. Plaintiff is entitled to payment by defendants of all medical expenses incurred or to be incurred as a result of the compensable right hip treatment for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability. N.C. Gen. Stat. §§ 97-2(19);97-25.
7. Defendants have the right to direct medical treatment and plaintiff must cooperate with defendants' direction of medical treatment. N.C. Gen. Stat. § 97-27. However, plaintiff is not required to submit to an evaluation by Dr. Aronoff concerning hip treatment issues, since he is not an orthopedic specialist.
8. The defense of this claim was reasonable and not stubborn, unfounded litigiousness and, therefore, plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of the compensable injury to her right hip, including all treatment and hip replacement surgery performed by or recommended by Dr. Jeffrey Mokris, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
2. Defendants shall continue to direct the medical treatment and plaintiff must cooperate with the medical treatment. However, because Dr. Aronoff is not an orthopedic specialist and therefore not a qualified physician, plaintiff is not required to submit to an evaluation by Dr. Aronoff regarding hip treatment issues.
3. In their discretion the Full Commission declines to award any additional attorney's fees to plaintiff's counsel, who shall continue to receive from defendants one fourth of the compensation paid to plaintiff.
4. Defendants shall pay the costs.
This the 2nd day of February 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ DIANNE C. SELLERS COMMISSIONER
LKM/mlb